# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>DERRAL ADAMS, et al.,<br><br>Defendants. | CASE NO. 1:08-CV-0659-OWW-WMW PC<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Kerry Wilson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act). Plaintiff filed this action on January 22, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

The events at issue in this action occurred at Corcoran State Prison, where Plaintiff is currently housed. Plaintiff is seeking injunctive relief and money damages for the violation of his rights under the United States Constitution. Plaintiff names Warden Adams and Kethy Jett.

In late 2007, Plaintiff was housed in the prison hospital for treatment. On January 3, 2008, he was re-housed after leaving the hospital. On January 29, 2008, Plaintiff received his personal television set, and noted that the "the TV network MYTV for his new housing unit was messed up."

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v. Taylor, 451 U.S. 527, 535 (1981). There is no authority for the proposition that Plaintiff has a right to possess a television in prison. That the network in his housing unit does not work therefore fails to state a claim for relief. 986-87. Therefore, Plaintiff's official capacity damages claims fail as a matter of law.

**III.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

1  which relief may be granted under section 1983.  The Court will provide Plaintiff with the
2  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
3  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not
4  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,
5  507 F.3d at 607 (no "buckshot" complaints).

6        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
7  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
8  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
9  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
10  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

11        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
12  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
13  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
14  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
15  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
16  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
17  1474.

18        Accordingly, based on the foregoing, it is HEREBY ORDERED that:
19      1.  Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to
20          state a claim;
21      2.  The Clerk's Office shall send Plaintiff a complaint form;
22      3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
23          second  amended complaint;
24      4.  Plaintiff may not add any new, unrelated claims to this action via his amended
25          complaint and any attempt to do so will result in an order striking the amended
26          complaint; and
27      5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this
28          action be dismissed, with prejudice, for failure to state a claim.

1  IT IS SO ORDERED.

2  **Dated:     January 30, 2009**              /s/  **William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE